NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 13 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PATRICIA MICALLEF, | No. 18-72418 |
| Petitioner, | LABR No. 16-095 |
| v. | |
| U.S. DEPARTMENT OF LABOR, | MEMORANDUM* |
| Respondent, | |
| CAESAR'S ENTERTAINMENT CORPORATION, INC.; HCAL, LLC, | |
| Real Parties in Interest. | |

On Petition for Review of an Order
of the Administrative Review Board, Department of Labor

Submitted January 8, 2020**

Before: CALLAHAN, NGUYEN, and HURWITZ, Circuit Judges.

Patricia Micallef petitions pro se for review of the Department of Labor's

Administrative Review Board's ("ARB") final decision and order affirming the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Micallef's request for oral argument, set forth in her opening brief, is denied.

dismissal of Micallef's whistleblower retaliation complaint against her former employer under the Sarbanes-Oxley Act ("SOX"), 18 U.S.C. § 1514A. We have jurisdiction under 18 U.S.C. § 1514A(b)(2)(A). We review de novo an agency's interpretation or application of a statute. *Schneider v. Chertoff*, 450 F.3d 944, 952 (9th Cir. 2006). We deny the petition.

The ARB properly affirmed the dismissal of Micallef's whistleblower retaliation complaint because Micallef failed to establish a prima facie case of retaliatory discrimination under SOX. *See Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 996-97, 1000-01 (9th Cir. 2009) (discussing requirements for prima facie case of retaliation under SOX; an "employee's communications must definitively and specifically relate to [one] of the listed categories of fraud or securities violations under 18 U.S.C.[ ] § 1514A(a)(1)" and the employee must have a subjective and objectively reasonable belief that the reported conduct violated a listed law (alterations in original) (internal quotation marks omitted)).

The ARB did not err by denying Micallef's request to admit new evidence because Micallef failed to demonstrate that the evidence could not have been discovered with reasonable diligence before the record closed. *See* 29 C.F.R. § 18.90(b)(1) (a party offering new evidence must demonstrate that "new and material evidence has become available that could not have been discovered with reasonable diligence before the record closed.").

We do not consider arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**PETITION DENIED.**